

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| BETH BOYANTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| FAMILY DOLLAR STORES OF | ) |
| ALABAMA, LLC, a foreign limited | ) |
| liability company, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, BETH BOYANTON (hereinafter "Boyanton" and/or "Plaintiff"), hereby sues FAMILY DOLLAR STORES OF ALABAMA, LLC, (hereinafter "Family Dollar" and/or "Defendant") and alleges as follows:

## PARTIES

1.     Plaintiff, Boyanton, is a resident of Jefferson County, Alabama, who has mobility disabilities and is limited in the major life activity of walking, which has caused her to utilize a wheelchair for mobility.

2.     Defendant, Family Dollar, is a foreign limited liability company with its principal place of business in Virginia.  Family Dollar owns and/or operates and/or leases a number of discount retail store locations and/or properties and/or

facilities in Alabama.

3.     Plaintiff has recently patronized Defendant's Family Dollar store locations at 1644 Forestdale Boulevard, in Birmingham, Alabama and at 1556 Bankhead Hwy W, Birmingham, Alabama. On other occasions within the last two years of the filing of this complaint, Plaintiff visited these locations, and she intends to continue to patronize Defendant's Family Dollar stores. At these locations, Plaintiff encountered barriers. Unless Defendant is required to remove the access barriers described below, Plaintiff will continue to be denied equal access to Defendant's facilities as described and will be denied the ability to fully use Defendant's facilities.

## JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 12188, and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG").

5.     Plaintiff's claims arose in this judicial district and Defendant does ongoing, substantial, business in this judicial district, such that the assertion of personal jurisdiction over this Defendant complies with fairness and does not offend justice.

6.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b) (2) in that this is the judicial district in which a substantial part of the events and/or

omissions at issue occurred as Defendant's Family Dollar locations are situated within this judicial district.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

7.      Congress enacted the ADA over thirty years ago and in so doing clearly stated its intention to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

8.      The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.  This lawsuit focuses on Defendant's systemic willful failure to maintain the accessible elements of its places of public accommodation in compliance with the ADA.

9.      Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly, or through contractual, licensing, or other arrangements, from denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

10.     A unanimous Supreme Court upheld the constitutionality of the public accommodations provisions of the Civil Rights Act of 1964 in *Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241 (1964). The Supreme Court agreed that Congress possessed the authority to outlaw discrimination in public accommodations on the basis of race. *Id.* at 261-62. Congress acted again to outlaw discrimination in public accommodations—this time on the basis of disability. 42 U.S.C. § 12182(b)(1)(D).

11.     Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of [accommodations] by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Congress made no distinction whether the owner was a natural person, a partnership, a corporation, or any other type of structure allowed under the law. Congress outlawed discrimination on the basis of disability.

12.     The ADA expressly contemplates loss of opportunity as an actionable injury. Congress included within the Act the stated goal of assuring "equality of opportunity" to disabled persons. 42 U.S.C. § 12101(a). The ADA provides a cause of action to "any person who is being subjected to discrimination" and expressly states that "it shall be discriminatory to subject an individual or class of individuals on the basis of disability … *to a denial of the opportunity* of the individual *or class* to participate in or benefit from the goods, services, facilities, privileges,

advantages, or accommodations of an entity." 42 U.S.C. § 12182(a), (b) (emphasis added). A disabled plaintiff is denied the opportunity to participate in or benefit from the goods and services, which is among the ADA's general prohibitions, in a number of ways, including a defendant's "failure to remove architectural barriers," which is among the specific prohibitions listed in § 12182(b). Thus, the disabled plaintiff suffers an ongoing injury so long as he or she is effectively denied the opportunity to participate in or benefit from the goods, services, facilities, advantages, or accommodations of the entity.

## PLAINTIFF'S EXPERIENCE AT DEFENDANT'S LOCATIONS

13.    Boyanton visited Family Dollar stores owned and/or operated by Defendant within the last two years, where she experienced unnecessary difficulty and/or risk in the exterior and interior areas of the facilities due to inaccessible parking, obstructed accessible routes, inaccessible check-out counters and point-of-sale devices, inaccessible entry/exit doors, obstructions maintained within the required clear floorspace to approach accessible elements, inaccessible restroom fixtures, along with the other ADA access violations as set forth in more detail below. As a result, Boyanton was caused to suffer feelings of isolation, social exclusion, and loss of opportunity.

14.    As a result of Defendant's non-compliance with the ADA, Plaintiff Boyanton's ability to access and use Defendant's facilities has been significantly

5

impeded and she has suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

15.     Plaintiff Boyanton has visited the facilities owned, operated, and/or controlled by Defendant located at 1644 Forestdale Blvd, Birmingham, Alabama and at 1556 Bankhead Hwy W, Birmingham, Alabama within the last two years, where she experienced unnecessary difficulty and risk in the exterior and interior facilities of the property because of barriers which prevented and continue to prevent safe and equal access to goods and services for people in wheelchairs and/or with mobility impairments, which constitute discriminatory ADA accessibility violations at Defendant's property as set forth in more detail below.

16.     At Defendant's Family Dollar store located at 1644 Forestdale Blvd, Birmingham, Alabama, Boyanton encountered barriers and issues as follows:

> The parking surface of one or more of the designated accessible parking spaces is not level as defined by the ADA and has persistent and/or variable slopes within the space that exceed the ADAAG maximum slope allowance (2.083%) for level surfaces;

> The access aisle serving one or more of the designated accessible parking spaces is not level as defined by the ADA and has persistent and/or variable slopes within the space that exceed the ADAAG maximum slope allowance (2.083%) for level surfaces;

> The upright signage identifying the location of one or more of the designated accessible parking spaces is missing or positioned too low (below 60") making it difficult to identify the space when a vehicle is parked in it;

> The accessible route from the parking surface to the accessible entrance contains an abrupt vertical change in level that exceeds ¼ inches and is

unbeveled;

The bagged ice cooler lacks the minimum requisite clear ground space;

The entry door(s) to the accessible entrance closes too quickly (in less than 5 seconds from an open position of 90 degrees to a position of 12 degrees from the latch);

Boxed merchandise, displays, bins, carts, and/or platform dollies are maintained within and obstruct the clear floor space required for equal access to the merchandise (regardless of height) on shopping aisle shelves;

Boxed merchandise, displays, bins, carts, and/or platform dollies are maintained within and obstruct the accessible routes required for equal access to merchandise, sales/service counters, and public toilet rooms;

The public toilet rooms (men's and women's) are not designated with accessible signage;

The toilet in one or both public toilet rooms (men's and women's) has a protruding storage shelf system installed too close to the rear wall grab bar reducing the minimum required vertical clearance for equal access;

The required clear floor space at each of the sales counters is obstructed by protruding shelves of candy and other miscellaneous goods installed beneath the countertops;

Each of the point-of-sale devices are maintained at a high and fixed position with the screen angled upward (not adjustable by patrons) in a manner that is not accessible to wheelchair users;

The required clear floor space at each of the point-of-sale devices is obstructed by protruding shelves of candy and other miscellaneous goods permanently installed within the cabinetry beneath the sales counter countertops;

There is insufficient clear floor space provided for a wheelchair user to pass a customer at one of the sales counters as necessary to access an available cashier at an adjacent sales counter;

Also, at Defendant's Family Dollar store located at 1556 Bankhead Hwy W, Birmingham, Alabama, Boyanton encountered barriers and issues as follows:

The parking surface of one or more of the designated accessible parking spaces is not level as defined by the ADA and has persistent and/or variable slopes within the space that exceed the ADAAG maximum slope allowance (2.083%) for level surfaces;

There is no access aisle serving one or more of the designated accessible parking spaces;

The upright signage identifying the location of one or more of the designated accessible parking spaces is missing or positioned too low (below 60") making it difficult to identify the space when a vehicle is parked in it;

The landing at the top of one or more of the curb ramps from the parking facility to the store curb is obstructed by a garbage receptacle and/or bagged ice cooler;

There is an obstruction installed within the minimum requisite clear ground space for the bagged ice cooler;

The entry door(s) to the accessible entrance closes too quickly (in less than 5 seconds from an open position of 90 degrees to a position of 12 degrees from the latch);

Boxed merchandise, displays, bins, carts, and/or platform dollies are maintained within and obstruct the clear floor space required for equal access to the merchandise (regardless of height) on shopping aisle shelves;

Boxed merchandise, displays, bins, carts, and/or platform dollies are maintained within and obstruct the accessible routes required for equal access to merchandise, sales/service counters, and public toilet rooms;

The public restrooms were not made available;

The required clear floor space at each of the sales counters is obstructed by permanent protruding shelves of candy and other miscellaneous goods installed within the cabinetry beneath the countertops;

8

The required clear floor space at each of the point-of-sale devices is obstructed by protruding shelves of candy and other miscellaneous goods installed beneath the sales counter countertops;

Each of the point-of-sale devices are maintained at a high and fixed position with the screen angled upward (not adjustable by patrons) in a manner that is not accessible to wheelchair users;

There is insufficient clear floor space provided for a wheelchair user to pass a customer at one of the sales counters as necessary to access an available cashier at an adjacent sales counter;

On information and belief, some or all of these barriers remain at these locations.

22.    Defendant's practice of placing and maintaining obstructions within the accessible routes and/or clear floor space required for Plaintiff to enjoy access to the goods and services in Family Dollar stores equal to that enjoyed by Defendant's able-bodied customers constitutes a failure to maintain accessible features at the Family Dollar stores in violation of 28 CFR 36.211. These obstructions are systemic and create barriers to equal access to Plaintiff that are the direct result of the affirmative conduct of Defendant and its employees, are not isolated or temporary, or due to maintenance or repairs, but are repeated and persistent, continually preventing Plaintiff, and those similarly situated, from equal participation in and benefit from Family Dollar's goods, services, and accommodations.

23.    The foregoing barriers to access are violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards

for Accessible Design, as adopted by the U.S. Department of Justice.

24.    The discriminatory violations described above are not an exhaustive list of the Defendant's ADA violations as Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. 36.501. Plaintiff requires the inspection of the Defendant's subject properties in order to photograph and measure all of the discriminatory acts and practices violating the ADA and all of the barriers to access. Once the Plaintiff personally encounters discrimination or learns of discriminatory violations through expert findings of personal observation, she has actual notice that the defendant does not intend to comply with the ADA. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation to determine all of the areas of noncompliance with the Americans with Disabilities Act impacting the Plaintiff and all other individuals with disabilities similarly situated.

25.    Upon information and belief, Defendant's Family Dollar stores identified herein were part of its parent company's recent renovation of 1,250 existing locations during which newly designed store fixtures such as check-out counters with built-in undercounter candy retail shelves were installed. These check-out counters are not equally accessible to Plaintiff and individuals similarly situated and these new installations constitute an "Alteration" under 28 CFR § 36.402.

26.    The individual Plaintiff and all other individuals similarly situated,

have been denied equal access to, and have been denied the equal benefit of the goods, services, and functionality of the Defendant's building and facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

27.    The barriers to equal access described herein constitute substantial and pervasive discriminatory barriers to equal access which seriously affect the civil rights of individuals with disabilities, including Plaintiff's. To date, the discriminatory barriers still exist at the subject facility as Defendant has failed to remove, repair, or otherwise alter said barriers in such a way as to effectuate compliance with the provisions of the ADA. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

28.    Plaintiff is without adequate remedy at law and is suffering irreparable

harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover attorney's fees, costs and litigation from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

29.    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); additionally, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including people who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facilities were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

30.    Notice to Defendant is not required as a result of Defendant's failure to cure the subject violations as required by 28 CFR 36.304(a), 28 CFR 36.401, and/or 28 CFR 36.402. The Plaintiff states that as soon as she encountered and/or observed

the architectural barriers at the subject location she had actual notice that the Defendant does not intend to comply with the ADA. All other conditions precedent have been met by Plaintiff or waived by the Defendant.

31.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief; including an Order to alter the subject facilities to make them readily accessible to, and useable by, Plaintiff and all other individuals with disabilities to the extent required by the ADA; or by closing the subject facilities until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*;

A. Injunctive relief against the Defendant, including an order to perform all readily achievable barrier removal at the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to fulfill its continuing duty to maintain its accessible elements, features, and equipment in the future so that its goods and services remain accessible to individuals with disabilities as required by 28 C.F.R. 36 § 211; and to make reasonable modifications in its policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of auxiliary aids and services;

B. An award of attorneys' fees, costs (including expert fees), and litigation expenses pursuant to 42 U.S.C. § 12205;

C. An award of interest upon the original sums of said award of attorney's fees, costs (including expert fees), and other expenses of suit; and

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully submitted this the 27th day of September 2023.

*/s/ Peter H. Burke*
Peter H. Burke (ASB-1992-K74P)
CR LEGAL TEAM, LLP
3535 Grandview Parkway, Suite 100
Birmingham, Alabama 35243
T: 205-747-1901
E: phburke@crlegalteam.com

*/s/ John Allen Fulmer II*
John Allen Fulmer II (ASB-1089-O42F)
FULMER LAW FIRM, PC
2330 Highland Avenue, South
Birmingham, AL 35205
T: (205) 210-5555
E: jaf@jafulmerlaw.com

/s/ *Edward I. Zwilling*  
Edward I. Zwilling (ASB-1564-L54E)  
LAW OFFICE OF EDWARD I.  
ZWILLING, LLC  
4000 Eagle Point Corporate Drive  
Birmingham, AL 35242  
T: (205) 822-2701  
E: edwardzwilling@zwillinglaw.com  

*Attorneys for Plaintiff*

**<u>PLEASE SERVE DEFENDANT BY CERTIFIED MAIL AT:</u>**

Family Dollar Stores of Alabama, LLC  
c/o Corporation Service Company, Inc.  
641 South Lawrence Street  
Montgomery, AL 36104